Filed 5/15/25  Maria C. v. Superior Court CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Maria C.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY et al.,<br><br>        Real Parties in Interest. | A172647<br><br>(San Francisco City & County Super. Ct. No. JD23-3030) |

Petitioner Maria C. (Mother) filed a writ petition to set aside the juvenile court's order setting a hearing, pursuant to Welfare and Institutions Code[1] section 366.26, to adopt a permanent plan for her 17-year-old daughter, Mari S.  Mother contends the court should have bypassed the section 366.26 hearing and selected " 'another planned permanent living arrangement' " (APPLA) for Mari because Mari is not a proper subject for adoption, and no one is willing to accept legal guardianship of her.  (§ 366.25, subd. (a)(3).) Mother also requests a temporary stay of the section 366.26 hearing, which is

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

currently set for June 18, 2025, pending our review of her petition. For the reasons stated below, we deny the petition and the request for a stay.

## I. BACKGROUND

Given the limited nature of this writ proceeding, we need only briefly summarize the history of the case and provide more detail when discussing the relevant facts. In March 2023, the juvenile court adjudged Mari a dependent child of the court and removed her from Mother's custody due in part to allegations that Mother abused alcohol and marijuana and had mental health issues that impeded her ability to properly care for Mari.[2]

Mother initially complied with the reunification plan, and at the 12-month review hearing, the juvenile court ordered Mari's return to Mother's custody pursuant to a family maintenance plan. However, approximately two months later, the juvenile court granted the San Francisco Human Services Agency's (Agency) request for an order requiring Mother to take a substance use test after the Agency received reports that Mother had been drinking alcohol and was not taking her psychotropic medication. Mother subsequently refused to cooperate with the Agency, so Mari was again removed from her custody.

In June 2024, the Agency filed a section 387 petition alleging that the previous disposition had not been effective in protecting Mari, and that Mari no longer wished to live with Mother. The Agency filed a detention report in connection with the petition.

A few days later, the juvenile court ordered Mari detained in foster care and set a hearing on the section 387 petition.

---

[2] Mari's father is not involved in this writ proceeding.

The Agency filed an August 2024 jurisdiction/disposition report recommending the court continue to declare Mari a dependent, terminate Mother's reunification services, and approve APPLA as Mari's permanent plan. According to the report, Mari refused visits with her father, who did not have adequate housing. The Agency sent out notifications to relatives of Mari in June 2024 for "placement consideration." (Underscore and boldface omitted.) As of the date of the report, Mari's maternal grandmother was unwilling to have Mari placed with her, and Mari's brother did not have room for her in his home. Mari's father said he would ask his brother if he would be willing to care for Mari. The report did not indicate the other relatives, if any, who were contacted about placement and whether the Agency took additional steps to investigate Mari's placement options.

In September 2024, the Agency filed an amended section 387 petition that essentially repeated the allegations in the original petition.

An addendum report filed in November 2024 reiterated the recommendations the Agency made in its jurisdiction/disposition report but said nothing further about Mari's placement options.

After several continuances, the juvenile court held a contested section 387 jurisdiction/disposition hearing on March 3, 2025. Mother represented herself at the hearing. At the outset of the hearing, the Agency's counsel informed Mother that the hearing was "a precursor to contemplating that we would need four months from now and a full report on what the options [for Mari's permanent plan] would be." When counsel stated that one of the options was adoption, Mari interjected that she did not want to be adopted.

The court accepted into evidence the Agency reports filed in June, August, and November of 2024. Additionally, two social workers testified at

3

the hearing about Mother's medical rights as to Mari, Mother's reunification services, and the Agency's concerns about Mother's ability to care for Mari. One of the social workers noted that Mari did not want to reunify with Mother. Mother's testimony focused on her compliance with the reunification plan and the issues she had with the Agency and with Mari's placement in foster care.

After hearing argument from the parties regarding whether reunification services should be terminated, the juvenile court terminated Mother's reunification services and set a section 366.26 hearing to determine a permanent plan for Mari.

## II. DISCUSSION

Mother's sole argument in her writ petition is that the juvenile court abused its discretion at the jurisdiction/disposition hearing in setting a section 366.26 hearing instead of selecting a permanent plan of APPLA as recommended by the Agency in its reports filed in August and November of 2024. The Agency asserts Mother forfeited her argument by failing to raise it in the juvenile court, and, even if she has not forfeited her claim, the court did not err in setting a section 366.26 hearing. We agree with the Agency on both counts.

A parent's failure to raise an issue in the juvenile court prevents him or her from presenting the issue to the appellate court. (*In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1338–1339; see *Victoria S. v. Superior Court* (2004) 118 Cal.App.4th 729, 732–733 (*Victoria S.*) [mother forfeited argument that juvenile court should have bypassed a § 366.26 hearing].) At no point during the jurisdiction/disposition hearing did Mother object to the setting of a section 366.26 hearing or request that the court order APPLA straight away. She has therefore forfeited the issue.

4

In any event, Mother has not established that the juvenile court erred in setting a section 366.26 hearing. Where, as here, the juvenile court terminates reunification services at the 18-month review stage,[3] the court must set a section 366.26 hearing unless it finds by clear and convincing evidence that the child is not adoptable *and* there is no one willing to accept legal guardianship of the child at the time of the hearing. (§§ 366.22, subd. (a)(1), 366.25, subd. (a)(3); *Victoria S.*, *supra*, 118 Cal.App.4th at pp. 733–734.) It is only under these circumstances that a court may bypass a section 366.26 hearing and select APPLA as the permanent plan for a child who is 16 years of age or older. (§ 366.25, subd. (a)(3).)

While Mari objected to adoption (§ 366.26, subd. (c)(1)(B)(ii)), it is not clear from the record that there was no one willing to accept legal guardianship of her. At most, the evidence presented at the jurisdiction/disposition hearing shows the Agency contacted two of Mari's relatives about being a potential placement for Mari. The evidence does not foreclose the possibility that other individuals, such as her paternal uncle, would be willing to accept legal guardianship of her. Nor does the evidence suggest what further efforts, if any, the Agency made to investigate the issue of guardianship. Because legal guardianship is preferable to APPLA as a permanent plan (§§ 366.25, subd. (a)(3), 366.26, subd. (c)(4)(A)), "in the absence of clear and convincing evidence such a plan would not come to fruition, it was necessary for the court to set a [section 366].26 hearing." (*Victoria S.*, *supra*, 118 Cal.App.4th at p. 733.)

---

[3] The parties do not dispute that the case had reached the 18-month review stage by the time the juvenile court held the contested section 387 hearing.

Further, nothing in the statutory language *requires* the juvenile court to dispense with the section 366.26 hearing.  Section 366.25 states that the juvenile court "may" select APPLA as the permanent plan for a child who is 16 years of age or older.  (§ 366.25, subd. (a)(3).)  The term "may" is usually interpreted as permissive (*People v. Moine* (2021) 62 Cal.App.5th 440, 448), "and there is no ambiguity about its meaning here—the Welfare and Institutions Code specifically provides the word is permissive."  (*Victoria S.*, *supra*, 118 Cal.App.4th at p. 733, citing § 15; see also *People v. Arauz* (1970) 5 Cal.App.3d 523, 528, disapproved of on other grounds in *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 710.)

As one court explained in interpreting an almost identical statutory provision, "The Legislature plainly gave the court the discretion, but never an obligation, to dispense with a [section 366].26 hearing.  The language at issue provides a means to bypass an evidentiary hearing, which is otherwise utilized by the court to evaluate and ascertain the proper permanent placement for a dependent child. . . . [S]uch a hearing could never be dispensed with unless the particular bench officer presiding over the case were convinced an additional hearing to consider placement options could not affect his or her determination that long-term foster care [(or APPLA)] is the only viable option.  No matter how anyone else might assess the evidence, the juvenile court must ultimately render the judgment as to disposition.  Consequently, that court alone is in the unique position of knowing whether it is prepared to reject the two preferred permanent options, adoption and guardianship, without a [section 366].26 hearing.  Should the court determine it cannot do so, forcing it to dispense with the hearing would be counterproductive."  (*Victoria S.*, *supra*, 118 Cal.App.4th at pp. 733–734.)

This reasoning is particularly relevant here. Given the undeveloped factual record regarding Mari's permanent plan options, we will not fault the juvenile court for determining that it cannot dispense with the section 366.26 hearing in ascertaining the proper permanent placement for Mari. Indeed, the Agency indicated at the jurisdiction/disposition hearing that it needed more time to assess Mari's permanent plan options.

Accordingly, the juvenile court did not err by setting a section 366.26 hearing instead of selecting APPLA as Mari's permanent plan. Mother will have an opportunity at the section 366.26 hearing to litigate Mari's permanent plan. As such, Mother's writ petition and request for a stay must be denied.

## III.   DISPOSITION

The petition and the request for a stay of the section 366.26 hearing are denied.

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A172647
*Maria C. v. Superior Court*

8